# Exhibit 1

Case 4:26-cv-01401 Document 1-1 Filed 02/20/26 in TXSD Page 2 of 11

1/29/2026 2:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110614107
By: Talitha McCarty
Filed: 1/29/2026 2:24 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ADEWALE SALAU, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF YETUNDE SALAU AND ADETEKUMBO SALAU | § § § § § § § § | IN THE DISTRICT COURT OF |
| v. | | HARRIS COUNTY, TEXAS |
| DELTA AIR LINES, INC. | | _____ JUDICIAL DISTRICT |

## PLAINTIFFS ORIGINAL PETITION

TO THE HONORABLE JUDGE OF COURT:

Adewale Salau, Individually and on Behalf of the Estate of Yetunde Salau and Adetekumbo Salau ("Plaintiffs"), complaining of Delta Air Lines, Inc. ("Defendant"), and for cause of action would respectfully show unto the Court:

### A. DISCOVERY CONTROL PLAN AND REQUEST FOR DISCLOSURE

Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiffs state that discovery in this case is intended to be conducted under Level 3.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

### B. PARTIES/CAPACITY

Plaintiffs are individuals residing in Houston, Harris County, Texas. Plaintiffs bring this action individually and on behalf of the Estate of Yetunde Salau seeking all damages allowed by Texas law, including damages under the wrongful death and survival statutes.

Defendant Delta Air Lines, Inc. ("Delta") is a Delaware company doing business in Texas and may be served with process and citation by agreement by serving its counsel, Ross Cunningham, Cunningham Swaim, LLP, 4015 Main Street, Suite 200, Dallas, Texas 75226 via eService and certified mail, return receipt requested.

All conditions precedent necessary for Plaintiffs recovery have been fulfilled.

### C. JURISDICTION AND VENUE

Venue for this action lies in Harris County, Texas, pursuant to Tex. Civ. Prac. Rem. Code Ann., §15.002. Venue is further proper pursuant to Tex. Civ. Prac. Rem. Code Ann., §15.031 in that the Estate pleadings of Yetunde Salau, Deceased were filed in Harris County. Jurisdiction is proper pursuant to Texas Estates Code §32.005, §32.007 and §33.103. Plaintiffs prefer the jury determine damages in the case; however, pursuant to T.R.C.P. 47, Plaintiffs are seeking monetary relief over $1.0 million. All conditions precedent necessary for Plaintiffs recovery have been fulfilled.

### D. ASSUMED NAMES

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiffs hereby give Defendant notice that they are being sued in all of their business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, or private corporations. Defendant has used the name Delta and Delta Air Lines, Inc.

### E. VICARIOUS LIABILITY

Wherever in this Petition it is alleged that Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees or representatives. Accordingly, Defendant is liable to Plaintiffs under the doctrines of respondeat superior, vicarious liability, and principal-agent.

### F. FACTS AND NEGLIGENCE

On or about April 21, 2024, Yetunde Salau passed away on Delta flight #54 from Atlanta to Lagos, Nigeria. The flight #1682 originated from Houston, Texas and was en route to Lagos, Nigeria County, Lagos when Yetunde Salau had a medical emergency during the flight. Adetekumbo Salau, Yetunde Salau's son, was traveling with her. Several hours before

arriving in Nigeria, Yetunde used the restroom. When she returned, she appeared to have difficulty breathing and appeared under stress. She began shaking and convulsing and the flight attendant attempted to assist. Eventually, the attendant attempted to use a "shock machine" and/or locate other medical supplies such as an EpiPen. Yetunde passed away. Her cause of death was listed as cardiopulmonary failure. The flight could not land in Lagos due to weather and the Togo airport refused to allow landing. The airplane's fuel capacity for alternate airports at that time is unknown. Eventually, Togo airport allowed the airplane to land. All conditions precedent necessary for Plaintiffs recovery have been fulfilled.

Plaintiffs would show that the occurrence in question and resulting injuries and death of Yetunde Salau were proximately caused by acts of omission or commission on the part of Defendant which constitutes negligence and gross negligence as defined by law. These acts of negligence include, but are not limited to:

- Failing to properly train and supervise its employees for emergency medical issues, including timely and proper use of a defibrillator;
- Failing to have adequate and working medical equipment and supplies for in-flight emergencies;
- Failing to have reasonable polices and procedures relating to medical emergencies on board;
- Failing to implement safety policies and procedures relating to alternate arrival/landing airports in medical emergencies;
- Failing to timely land the plane in case of medical emergencies;
- Failing to hire competent employees, agents or servants;
- Other acts of negligence, incompetence and/or omissions which may be proved by the evidence of trial.

### G. COMMON CARRIER

As a common carrier, Defendant Delta is required to exercise a "high degree of care" toward their passengers in contrast to the ordinary-care standard. *Via Metro Transit v. Meck,* 620 S.W.3d 356, 360-361 (Tex. 2020).

### H. NEGLIGENT HIRING/TRAINING/RETENTION

Defendant Delta has a legal duty to hire and train competent employees.

Defendant breached that duty when Defendant negligently hired and/or improperly trained Defendant's employees as flight attendants.

Defendant's breach of its duty proximately caused injuries and damages to Plaintiffs.

### I. EXEMPLARY/PUNITIVE DAMAGES

The acts and omissions of the Defendant, when viewed objectively from the Defendant's standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. The Defendant had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, and welfare of others. Accordingly, Plaintiffs also seek exemplary damages, in addition to all damages allowed by law.

### J. DAMAGES

As a direct and proximate result of the negligence described above, Plaintiffs suffered damages including physical pain, mental anguish, disfigurement, physical impairment, medical expenses, loss of earning capacity, bystander damages, loss of consortium, loss of household services and all of said damages both in the past and into the future. Additionally, Plaintiffs seek recovery of all damages, including damages under the Texas Wrongful Death and Survival Statutes. Plaintiffs desire that the jury be the ultimate arbiter of damages in this case. However, as Rule 47 requires Plaintiffs to state a bracket of monetary relief at this time, Plaintiffs state that they seek monetary relief over $1,000,000.00. Plaintiffs reserve the right to

amend as necessary. All conditions precedent necessary for Plaintiffs recovery have been fulfilled.

### K. NOTICE

Plaintiffs hereby give notice of their intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the *Texas Rules of Civil Procedure 193.7*.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and that upon final trial hereof, Plaintiffs have:

1. Judgment against Defendant for a sum within the jurisdictional limits of the Court;
2. Pre-judgment and post-judgment interest as provided by law;
3. Costs of suit; and,
4. Such other and further relief to which Plaintiffs may be justly entitled.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

                                                RESPECTFULLY SUBMITTED,

                                                THE CAMBERG LAW FIRM, P.C.

*/s/ Roy Camberg*

**ROY CAMBERG**
SBN: 03674595
2905 SACKETT STREET
HOUSTON, TEXAS 77098
TEL: (281) 486-6900
FAX: (281) 984-4297
ROY@CAMBERGLAWFIRM.COM
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via eService and certified mail, return receipt requested pursuant to the Texas Rules of Civil Procedure on this the 29th day of January, 2026 to the following:

Ross Cunningham
Cunningham Swaim, LLP
4015 Main Street, Suite 200
Dallas, Texas 75226
Tel:    469-729-7000
rcunningham@cunninghamswaim.com
Attorney for Defendant

_____
ROY CAMBERG

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leah Bartosch on behalf of Roy Camberg
Bar No. 3674595
leah@camberglawfirm.com
Envelope ID: 110614107
Filing Code Description: Petition
Filing Description: Petition ($350.00)
Status as of 1/29/2026 3:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Cunningham | 24007062 | rcunningham@cunninghamswaim.com | 1/29/2026 2:24:50 PM | SENT |

THE CAMBERG LAW FIRM, P.C.

2905 SACKETT STREET　　　　　　　　　　　　　　　　　(281) 486-6900
HOUSTON, TEXAS 77098　　　　　　　　　　　　　　　FAX (281) 984-4297

February 2, 2026

<u>VIA E-MAIL AND CERTIFIED MAIL - RRR</u>
Ross Cunningham
Cunnningham Swaim, LLP
4015 Main Street, Suite 200
Dallas, Texas 75226

Re: Cause No. 2026-06066; *Adewale Salau, Individually and on Behalf of the Estate of Yetunde Salau and Adetekumbo Salau*, In the 61st Judicial District Court of Harris County, Texas

Dear Mr. Cunningham:

Enclosed please find the following:

1. Citation; and
2. Plaintiffs Original Petition.

If you have any questions, please give me a call.

Very Truly Yours,

Roy Camberg

RC:lb
Enclosures

Receipt Number: 1049388
Tracking Number: 74604420

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202606066

PLAINTIFF: SALAU, ADEWALE (INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF YETUNDE

vs.

DEFENDANT: DELTA AIR LINES INC

In the 061st Judicial District Court of Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: DELTA AIR LINES INC BY SERVING ITS COUNSEL ROSS CUNNINGHAM @ CUNNINGHAM SWAIM LLP
4015 MAIN STREET     SUITE 200
DALLAS TX 75226

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.
This instrument was filed on January 29, 2026, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 30, 2026.



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: TALITHA MCCARTY

Issued at request of:
CAMBERG, ROY ALAN
2905 SACKETT STREET
HOUSTON, TX  77098
281-486-6900
Bar Number: 03674595

Tracking Number: 74604420

CAUSE NUMBER: 202606066

| | |
|---|---|
| PLAINTIFF: SALAU, ADEWALE (INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF YETUNDE | In the 061st |
| vs. | Judicial District Court |
| DEFENDANT: DELTA AIR LINES INC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____                    _____
                                       _____ of _____
County, Texas
_____    By: _____
         Affiant                              Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.
SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
         Notary Public